[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Richard A. Rone, was indicted on February 4, 1997, on one count of aggravated burglary, R.C. 2911.11(A)(1), one count of rape, R.C. 2907.02(A)(2), and one count of kidnapping, R.C. 2905.01(A)(4).[1] The charges arose from an incident that occurred on January 25, 1997. On that night, appellant broke into the victim's home while she was out and waited for her to return. When the victim came home, he grabbed her from behind, bound her, and put a pillow case over her head. He then raped her and stole $140.
At his arraignment on February 10, 1997, appellant entered a not guilty plea. Appellant changed his plea on September 30, 1997, and withdrew his pending suppression motions. He entered a plea of guilty to the aggravated burglary and rape charges, and the state dismissed the kidnapping charge. The court, after inquiring whether appellant understood his rights and voluntarily and intelligently waived them, accepted appellant's guilty plea. A presentence investigation report was compiled, and a brief sentencing hearing was held wherein appellant's relatives and the victim gave statements to the court. The court then sentenced appellant to a definite term of ten years in prison on each count, to run concurrently.
Appellant filed a timely notice of appeal. He raises a single assignment of error: "[The trial court erred in sentencing a]ppellant * * * to the maximum possible sentence for what he pled guilty to without a specific finding that he met one of the criteria that are set forth under Revised Code 2929.14(C)."
Appellant asserts the trial court committed prejudicial error in sentencing him to the maximum allowable term without making the requisite findings contained in R.C. 2929.14(C). Appellee, on the other hand, argues in the alternative, claiming the ten-year concurrent sentences were not the maximum and, even if they were, the court was not required to make specific findings as appellant claims.
Appellant pled guilty to one count each of aggravated burglary and rape, both of which are felonies of the first degree. R.C.2911.11(B) and 2907.02(B). The possible sentence for a first degree felony is a definite prison term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). Appellant was sentenced to ten years for each count. At the sentencing hearing, the prosecution requested that the sentences run concurrently due to the allied nature of the offenses, which the court ordered.
R.C. 2929.14(C) provides, in pertinent part:
 "* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
R.C. 2929.12 provides a non-exclusive list of factors the court is to consider in determining whether the offender committed one of the worst forms of the offense or whether the offender poses the greatest risk of recidivism. Of relevance to this case relating to whether appellant committed one of the worst forms of the offenses of aggravated burglary and rape is whether the victim suffered serious physical, psychological, or economic harm. R.C.2929.12(B)(2). Pertaining to whether appellant poses a risk of recidivism is whether appellant was on parole or probation at the time of the offense, whether appellant showed genuine remorse for the offense, and whether the offender had pled guilty to or been convicted of a prior criminal offense. R.C. 2929.12(D)(1) and (5); R.C. 2929.12(E)(2) and (5).
Appellant claims the trial court was required to make specific findings on these factors before it could impose the maximum sentence upon him. We agree.
R.C. 2929.19(B) provides:
 "(2) The court shall impose a sentence and shall make the finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term." (Emphasis added.)
This section applies to this case and requires the sentencing court to make the necessary findings, that the offense was of the worst type or that the offender was the most likely to recidivate, before it imposes a maximum sentence for the highest level of offense in a multiple-count indictment.[2]
This court has recently held, pursuant to the new sentencing law, that the findings mandated by R.C. 2929.12 and 2929.14 must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing. State v. Kase
(Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported (findings supporting imposition of consecutive sentences must appear somewhere on the record); State v. Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, unreported (findings supporting imposition of maximum sentence for a single charge must appear on the record); State v. Pratt (Sept. 25, 1998), Lake App. No. 97-L-208, unreported (findings supporting imposition of consecutive sentences must appear on the record). We have also held that "[a] sentence which repeats the language of R.C.2929.14 * * * without any indicia of a consideration of the factors set forth would be insufficient. For a meaningful review, the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." Kase, supra, at 4. See, also, Edmonson, supra, at 17 (stating "the court must submit findings of the operative facts and the [court's] reasoning").
In this case, the sentencing entry contains no findings or discussion of the factors under R.C. 2929.14(C) or 2929.12. It merely states that the court "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. The Court has also weighed the factors set forth in R.C. 2929.13 and 14." The transcript of the sentencing hearing reveals little more.
 "THE COURT: Well, so many times it is difficult for me to understand why people commit the crimes that they commit and your case certainly, Mr. Rone, I do have a hard time understanding.
 "As the prosecutor has pointed out, you do have some prior involvement with the criminal law and, of course, that is a factor that weighs against or, I should say, probably weighs more in favor of a more serious penalty but it doesn't seem like there's anything in that that would cause us to think that you would commit this type of a violent crime against a woman.
 "But I think the factors that I have to look at under the statute include, first of all, punishment that seems to be commensurate with the crime and not demeaning to the seriousness of the crime. The other traditional factors of protecting the public from future crime. The extent to which incapacitation or deterrence is necessary but also perhaps even for purposes of rehabilitation as the Forensic report suggests that you should participate in counseling.
 "The presentence report, it just says that jail sentence is mandatory so it doesn't bother to give me any additional information but I think one of the factors that usually is commented upon in these presentence recommendations deals with the extent of harm and I don't think there was any question about the physical and psychological harm to Miss Lozada that resulted in this case.
 "So, looking at those factors alone, I think that the recommendation that the State has made [, ten years on each count,] is reasonable and appropriate in this case. So, I am going to impose a sentence of ten years to the Lorain Correctional Institute at Grafton, Ohio, on each of the counts. I'll order that those sentences run concurrently."
The court did not make a finding, accompanied by operative facts, either that appellant committed one of the worst forms of aggravated burglary or rape or that he poses the greatest risk of recidivism. The court merely discussed, in general terms, the physical and psychological harm to the victim and the fact that appellant had "some prior involvement with the criminal law * * *." Although this cursory review of the sentencing criteria may have passed muster under the prior statute, we believe under the new sentencing standards the court did not adequately state its reasons, either in the sentencing entry or on the record at the hearing, for imposing the maximum sentence in accordance with R.C.2929.29(B)(2)(e).
The sentencing order of the Ashtabula County Court of Common Pleas is reversed and the cause is remanded for re-sentencing consistent with this opinion. _______________________ JUDGE ROBERT A. NADER
FORD, P.J.,
O'NEILL, J., concur.
[1] Initially, on January 27, 1997, a criminal complaint was filed in the Ashtabula County Court, Western District, charging appellant with the same three counts. Because the counts alleged felonies of the first degree, the matter was bound over to the Ashtabula County Grand Jury on February 3, 1997.
[2] Relating to appellee's alternative claim, that the court did not impose the maximum term because it had the option of ordering the terms to be served consecutively, we find appellee waived its right to make this assertion. Appellee conceded the point that the sentences would run concurrently at the sentencing hearing because they were allied offenses arising from the same incident. It may not now alter its position and claim the offenses were not allied. Moreover, the quoted portion of R.C.2929.19(B)(2)(e) requires the court to make findings under these circumstances if it imposes the maximum penalty for the highest degree of offense charged.